[No. 2086]

LIZZIE K. SCHMITT AND JOHN SCHMITT, JR., AS
EXECUTRIX AND EXECUTOR OF THE LAST WILL
AND TESTAMENT OF EDWARD SCHMITT, DECEASED,
RESPONDENTS, *v.* CHARLOTTE E. JENSON, SOME-
TIMES KNOWN AND CALLED CHARLOTTE JENSON
AND SCHARLOTTE JENSON, AS GUARDIAN OF THE
PERSONS AND ESTATES OF ELWYN E. DOUGHERTY,
SOMETIMES KNOWN AND CALLED ELVYN E. DAUGH-
ERTY; EDITH M. DOUGHERTY, SOMETIMES KNOWN
AND CALLED EDITH M. DAUGHERTY; CHESTER C.
DOUGHERTY, SOMETIMES KNOWN AND CALLED
CHESTER C. DAUGHERTY, AND THOMAS H. DOUGH-
ERTY, SOMETIMES KNOWN AND CALLED THOMAS H.
DAUGHERTY, MINORS; AND CHARLOTTE E. JENSON,
SOMETIMES KNOWN AND CALLED CHARLOTTE
JENSON AND SCHARLOTTE JENSON, INDIVIDUALLY,
AND ELVYN E. DOUGHERTY, SOMETIMES KNOWN AND
CALLED ELVYN E. DAUGHERTY, INDIVIDUALLY, AND
EDITH M. DOUGHERTY, SOMETIMES KNOWN AND
CALLED EDITH M. DAUGHERTY, INDIVIDUALLY;
JOHN DOE, TRUE NAME UNKNOWN; RICHARD ROE,
TRUE NAME UNKNOWN; JANE DOE, TRUE NAME
UNKNOWN, AND SAMUEL POE, TRUE NAME UNKNOWN,
APPELLANTS.

[140 Pac. 518]

1. GUARDIAN AND WARD—CUSTODY AND CARE OF WARD'S ESTATE—
COMMUNITY PROPERTY—DIVORCE.
By a divorce decree and also by agreement of the parties,
community property of husband and wife—a house and lot—
was "set aside for the use, support, maintenance, and education
of the minor children." *Held,* that the purposes of the trust
included any disposition necessary for the support and education
of the children, and hence the execution of a mortgage by the
guardian for $3,000 for the purpose of paying off a prior mort-
gage and saving the property as a home for the children was
within the purposes of the trust and authorized.

APPEAL from the Second Judicial District Court, Washoe
County; *Thomas F. Moran,* Judge.

Action to foreclose mortgage by Lizzie K. Schmitt and
and John Schmitt, Jr., executrix and executor, against

Charlotte E. Jenson and others. From a judgment of foreclosure for plaintiffs, defendants appeal. **Affirmed.**

*Stoddard, Moore & Woodburn,* for Appellants.

*W. A. Massey,* for Respondents.

By the Court, TALBOT, C. J.:

By this appeal it is sought to have set aside a decree of foreclosure of a mortgage which was executed under the following circumstances: On February 23, 1906, while the house and lot covered by the mortgage belonged to Thomas Dougherty and Lottie E. Dougherty, his wife, as community property, they entered into the following agreement relating thereto: "It is hereby stipulated and agreed by and between Lewers & Huskey, attorneys and agents for Lottie E. Dougherty, and Thomas Dougherty, that in case suit is brought by the said Lottie E. Dougherty against the said Thomas Dougherty, for a divorce from the said Thomas Dougherty and the said suit is prosecuted to a final decree of divorce, then and in that case, Lottie E. Dougherty and her attorneys, Lewers & Huskey, will have stated in and as part of said decree of divorce, that the real property now belonging to the said Lottie E. Dougherty and the said Thomas Dougherty, to wit, a cottage situated at the corner of Sixth and Ralston Streets, in Reno, Nevada, and now occupied by the said Lottie E. Dougherty and her four minor children, Elvin, Edith, Chester, and Thomas, shall be set aside for the sole and separate use, support, maintenance, and education of the said minor children, and that the custody and care of the said minor children shall be left and remain with the said Lottie E. Dougherty during her good behavior and subject to change by order of the proper court at any time upon a proper and sufficient reason therefor; and both parties hereto understand and agree that the said decree of divorce shall also contain an order that the said Thomas Dougherty shall pay off the mortgage now standing against the said property and

leave the same, within a reasonable time, clear of all incumbrances for said minor children.   This stipulation is for the purpose and solely for the purpose of settling the rights of the undersigned parties to the community property and to the custody of their said minor children, in case a divorce is granted to the said Lottie E. Dougherty."

In a decree of the district court for Washoe County, dated the 6th day of June, 1906, granting Lottie E. Dougherty a divorce from Thomas Dougherty, and referring to and following the foregoing agreement, it was adjudged that the house and lot be "set aside for the use, support, maintenance, and education of the minor children" of the parties named in the agreement, and the household furniture belonging to the plaintiff and defendant was given to Lottie E. Dougherty, the plaintiff in that action.   The custody of the children was awarded to the mother.   At the time of the execution of this agreement and the rendition of the decree dissolving the marriage and setting the real property over for the support, education, and maintenance of the minor children, the property was subject to a mortgage which had been executed on the 7th day of August, 1903, by Thomas and Lottie E. Dougherty to the Bank of Nevada for $1,000 and interest.   On the 12th day of October, 1907, Lottie E. Dougherty, for the purpose of administering the property mentioned, under the supervision and direction of the court, for the support, maintenance, and education of the minor children, was duly appointed and qualified as guardian of their persons and estates. On the 24th day of March, 1908, upon petition and notice, for the purpose of preserving the property from foreclosure and sale under the mortgage mentioned, which then remained unsatisfied, and for the purpose of securing funds for the support and education of the minor children, she obtained an order of the court directing her as guardian to remortgage the property for the sum of $3,000.   Pursuant to the direction of the court by that order, and for the purpose of securing funds to

preserve the property and secure money for the support, maintenance, and education of the children, she borrowed $3,000, and to secure the payment thereof executed the mortgage ordered foreclosed by the decree in this case. During the six years since the execution of this mortgage, no part of the principal or interest has been paid.

For the appellants it is contended that the district court had no power to authorize the guardian to borrow the $3,000 or to execute the mortgage, and that it is not enforceable against the property of the wards because at the time it was executed there was no statute in this state authorizing the guardian to mortgage or incumber real estate of the ward. Cases are cited holding that a guardian has no power to make a mortgage on the ward's real estate unless authority be conferred upon him by statute, upon his obtaining an order of the proper court. If it be admitted that these decisions relate to property belonging to a ward through inheritance, or otherwise unconditionally, they are inapplicable in this case because this property did not so belong to these minors. As the community property of the parents, they could sell it or mortgage it, as they had previously done, or could impress it with a trust which might necessitate or authorize its sale or incumbrance by mortgage. It was legal and laudable for the father and mother to provide that the property should be set over for the support, maintenance, and education of the children, who had and acquired no right to it separate from this trust condition.

The Revised Laws provide:

"The court, in granting a divorce, shall make such disposition of, and provision for, the children, as shall appear most expedient under all the circumstances, and most for the present comfort and future well-being of such children." (Section 5840.)

"In granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce, and to the party through whom

the property was acquired, and to the burdens imposed upon it, for the benefit of the children." (Section 5841.)

No one but the parents, as the owners of the community property, or the court, had any power over the property at the time of the action for divorce; and the setting aside of the property, whether considered as authorized by either or both the agreement of the parties or the decree of the court, must be deemed conclusive for the purposes of the trust, which included any disposition of the property necessary for the support and education of the children. Consequently, the execution of the mortgage for $3,000 for the purpose of paying off the prior mortgage for $1,000, and saving the property from foreclosure and sale under the prior mortgage, so that it could be retained as a home for the children and additional money secured for their support and education, was within the purposes of the trust, and authorized.

The decree of the district court is affirmed.